L & B CHEVROLET-OLDS, INC.
v.
Gregg L. GENTILE

No. 271

District Court Department
Appellate Division, Southern District
Trial Court of the
Commonwealth of Massachusetts

June 2, 1981

It is hereby ORDERED: That the Clerk of the District Court Department, Wrentham Division make the following entry in said case on the docket of said Court, namely: FINDING FOR THE PLAINTIFF VACATED; NEW TRIAL ORDERED.

Daniel H. Rider, Justice
Robert A. Welsh, Jr., Justice
Charles E. Black, Justice

## OPINION

**BLACK, J.** This is a civil action in which the plaintiff sought to establish a garage keeper's lien pursuant to the provisions of G.L.c. 255, sec. 25, for labor and materials furnished to the defendant's motor vehicle. The defendant filed a counterclaim containing two counts, one in tort for conversion and the other alleging a violation of G.L. c. 93A. The defendant, in his answer, denied so much of the plaintiff's complaint as alleged that the value of the plaintiff's lien was that prayed for. The plaintiff filed a general denial to the defendant's two-count counterclaim. The count for conversion was waived in open court at the trial of the matter at the close of the plaintiff's case. The court found for the plaintiff in the amount of $7,500.00 for labor and materials, that being the fair and reasonable value thereof. The court also found for the plaintiff in the amount of $300.00, representing the reasonable value of storage of the vehicle. On the matter of the defendant's counterclaim under G.L.c. 93A, the court found for the plaintiff (defendant in counterclaim).

At trial, the evidence tended to show that on or about May 23, 1979, the defendant, after negotiating with Aetna Casualty and Surety Company, brought his 1977 Ford van to the plaintiff in order that the interior could be completed. (Apparently, the van had been stolen and the resulting loss was covered by insurance.) These negotiations related to the amount that Aetna would pay for the repairs, but no agreement had been

C. Theodore Mariolis, counsel for plaintiff
Robert E. Klein, counsel for defendant

## DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Southern District sitting at Attleboro upon report from the District Court Department, Wrentham Division and it is found and decided that there was prejudicial error.

reached between the parties. At the time the defendant brought his van to the plaintiff, the defendant was employed in the plaintiff's body shop and paid on an hourly basis predicated upon a time card which the defendant submitted to the plaintiff's record keeper at the end of each week. The time cards submitted do not reflect the amount of time worked on a particular motor vehicle. All parts installed in the defendant's van, with the exception of the stereo system and a set of curtains, were purchased by the plaintiff and no reimbursement was received from the defendant. Each item purchased, including those purchased by the defendant, were listed in work order forms submitted upon conclusion of the work to Aetna for payment. The plaintiff marked up the parts approximately thirty percent (30%) over cost in computing the charges submitted to Aetna. A bill for two hundred twenty hours of labor at $18.00 per hour were submitted to Aetna. This was the regular hourly rate for work performed by the body shop. However, there were no official records kept by the plaintiff concerning the actual number of hours worked on the defendant's van, and the shop foreman who directed the work was not employed by the plaintiff at the time of trial and did not testify. The defendant worked on the van after working hours and on weekends with the plaintiff's permission, but without compensation. During the last two weeks of July 1979, the defendant and the body shop manager were observed by the plaintiff to have worked one hundred hours each on the van exclusively, but no records could be produced to substantiate this claim. During this same period of time, records were maintained concerning other motor vehicles in the body shop which contained notations relative to the number of hours worked thereon. The plaintiff estimated that 4% of the work done on the defendant's van was mechanic work (mechanic rate is $16.00 per hour) and the rest was body shop (body shop rate is $18.00 per hour), but all work done was charged at the higher rate.

The plaintiff was familiar with the Attorney General's Regulations promulgated under G.L. c. 93A, sec. 2, with respect to the sale, repair and storage of motor vehicles, including sections 5.05:3, 5.05:4 and 5.05:9, and acknowledged that he had not complied therewith in his dealings with the defendant. He also admitted that for the purpose of the work on the defendant's van, the defendant was a customer of the plaintiff.

The defendant did not dispute the fact that the plaintiff had purchased all of the parts except the stereo system and curtains, and also acknowledged that approximately forty (40) hours of labor had been performed on the vehicle during regular business hours. It was his conclusion that all other work had been performed by friends and himself evenings and on weekends for which the persons involved received no compensation. The defendant was totally satisfied with the quality of the work done, particularly since he alleged that he had performed the majority of it.

There was no evidence introduced concerning the amount due the plaintiff for storage, but there was testimony that its rate for storage was five dollars ($5.00) per day.

At the close of the trial and before final arguments, the defendant made the following requests for rulings of law:

"1. Upon all the evidence and as matter of law, the Court is warranted in finding in favor of the defendant.

**Specifications:**

a. The evidence warrants a finding that the plaintiff has failed to prove by a preponderance of the evidence of all of the elements required by Chapter 255, sec. 25 to establish a lien.

b. The evidence warrants a finding that the amounts sought by the plaintiff are not **proper charges** due then for the

storage work and car of the defendant's vehicle (emphasis supplied).

c. The evidence warrants a finding that the plaintiff has no time sheets or other records to establish the labor charges assessed to the defendant as required by Chapter 255, sec. 25.

d. The evidence warrants a finding that the plaintiff contracted with a third party for the repair of the defendant's vehicle.

e. The evidence warrants a finding that the plaintiff has failed to comply with the regulations of the Attorney General in regard to the repair of the defendant's vehicle. More specifically, regulations 940 CMR 5.05:3, 5.05:4 and 5.05:9 promulgated pursuant to Chapter 93A, sec. 2(c).

2. If labor and materials are furnished by one party to another under a supposed express contract which does not exist, an action of contract may be maintained to recover the fair value of such labor and materials. **Vickery v. Ritchie**, 202 Mass. 247.

**Specifications:**

a. The evidence warrants a finding that the plaintiff cannot prove by a fair preponderance of the evidence the fair value of the labor and materials to establish the value of his lien or damages.

3. Upon the evidence and as a matter of law, the Court is warranted in finding in favor of the defendant-plaintiff in counterclaim.

**Specifications:**

a. The evidence **warrants** a finding that the defendant in counterclaim failed to comply with the regulations established by the Attorney General pursuant to Chapter 93A, sec. 2; more specifically Attorney General Regulation 940 CMR 5:00 Motor Vehicle Regulations.

b. The evidence warrants a finding that the violation of those regulations constitute an unfair and deceptive trade practice as defined in Chapter 93A, sec. 2 **Slaney v. Westwood Auto, Inc.,** 366 Mass. 688.

c. The evidence warrants a finding that the defendant in counterclaim violated sections 5.05: (3), 5.05: (4) and 5.05: (9) of 940 CMR Motor Vehicle Regulations as established by the Attorney General.

d. The evidence warrants a finding that the plaintiff in counterclaim incurred legal fees in the prosecution of this action which are compensible by the provisions of Chapter 93A.

The court ruled as follows on these requests:

1. a-e "Warranted but I do not so find"
2. "Allowed"
2. a "Warranted but I do not so find"
3. a-d "Warranted but I do not so find"

The trial judge specifically found that the plaintiff had contracted with the defendant to provide labor and materials to refurbish the defendant's van. That the defendant, as an employee of the plaintiff, controlled the extent of the materials to be installed in the vehicle, and together with other employees of the plaintiff, performed a certain amount of the labor during hours when he was paid a wage by the plaintiff. The fair and reasonable value of the materials and labor was $7,500.00. The court found the reasonable storage fee to be $300.00.

As regards the defendant's counterclaim, the trial judge found that the plaintiff had not converted the property. The trial judge also found against the defendant on the count under G.L. c. 93A and the Attorney General's regulations thereunder, finding no violation thereof . . . "in light of their relationship of employer-employee and the defendant's knowledge of the scope and cost of the repairs to his vehicle."

The defendant filed a draft report in a timely manner, which was duly allowed by the trial judge.

Prior to the enactment of G.L.c. 93A, we would have no hesitation in affirming the findings and judgment entered by the trial judge in this case. However, as we all know, c.93A is a statute of broad impact which creates new substantive rights and

provides new procedural devices for the enforcement of those rights. (See, **Commonwealth v. DeCotis**, 366 Mass: 234 (1974) and **Slaney v. Westwood Auto, Inc.**, 366 Mass. 688 (1975) ). Section 2(c) thereof specifically authorizes the Attorney General to make rules and regulations interpreting the provisions of section 2(a), and the courts are directed under section 2(b) to be guided by the interpretations given by the Federal Trade Commission and the federal courts to section 5(a)(1) of the Federal Trade Commission Act (15 USC 45(a)(1), as from time to time amended). In effect, then, while there may be a question concerning the validity of any regulation promulgated by the Attorney General (see, **Slaney v. Westwood Auto Inc., supra** at 702, note 17), if valid, the regulations would have the force and effect normally accorded to an agency's regulations, **i.e.,** the "force of law," and are not restricted to a status as interpretive guides or advisory opinion (see, **Purity Supreme, Inc. v. Attorney General,** Mass.Adv.Sh. (1980) 1349 at 1350; MPS vol. 35, Alperin and Chase, sec. 118) ).

In the instant case, the Attorney General's Regulation 5.05: (9) clearly requires that a repair shop provide a written bill to the customer containing specified information, which regulation the plaintiff admitted it was aware of and which it had not complied with. Such failure constitutes an unfair or deceptive act or practice prohibited by the Act. Clearly, the plaintiff is the operator of an auto body shop engaged in trade or commerce. Section 9 of c. 93A speaks in terms of "any person" who purchases or leases goods, services, etc., primarily for personal, family or household purposes. For the sake of convenience, the courts have substituted the word "consumer" for the statutory terminology (see, **Slaney v. Westwood Auto, Inc., supra** at 697, note 11). Although the defendant was an employee of the plaintiff, he was to pay for all parts used on his van at cost plus a mark-up and was to pay for labor at the usual shop rate. It is our conclusion, therefore, that this was not a strictly private transaction and that the defendant was a "consumer" notwithstanding the employer-employee relationship existing between the parties. He was, therefore, entitled to the protection afforded by c.93A. We are unaware of any interpretations by the Federal Trade Commission, the federal court, or the state courts in point and none has been called to our attention in the defendant-appellant's brief or in the plaintiff-appellee's brief.

We conclude that the trial judge erred in determining that there had been no violation of the provisions of c.93A.

Accordingly, the finding for the plaintiff is vacated and a new trial is ordered.

**Daniel H. Rider, Justice**
**Robert A. Welsh, Jr., Justice**
**Charles E. Black, Justice**